## Richmond

### WENDELL W. WOOD v. ELVA W. WOOD, INDIVIDUALLY AND AS EXECUTRIX, ETC.

April 23, 1976.

Record No. 750617.

Present, All the Justices.

*Stuart F. Carwile (David W. Kudravetz; Carwile & Kudravetz,* on briefs), for appellant.

*Herbert A. Pickford (William G. Barkley; Belt & Pickford,* on brief), for appellee.

COMPTON, J., delivered the opinion of the court.

We consider a purchaser's appeal from the denial of his request for specific performance of a contract for the sale of real estate. The trial court found that time *became* of the essence of the contract, and we review that determination.

The facts are without substantial conflict. On July 21, 1971 plaintiff Wendell W. Wood, the purchaser, agreed to buy from sellers W. Warren Wood and Elva W. Wood, his wife, a 10.75-acre tract of land in Albemarle County for $100,000. The property was owned by W. Warren Wood, his wife having only an inchoate dower interest.

The contract provided, *inter alia*, that "date of settlement and closing of this transaction shall be within one hundred twenty (120) days from date hereof" and that purchaser would "forthwith proceed in good faith" to have the property rezoned. The writing further provided that if the purchaser was unsuccessful in securing the rezoning within the 120 days, he could "at his sole option" declare the contract null and void in which event the $1,000 paid upon execution would be refunded by sellers. The contract also provided that it was to be binding on the executors, heirs, and estates of the parties. In the course of these proceedings below, the parties stipulated that the contract did not provide that time was of the essence.

The purchaser subsequently proceeded in good faith to have the property rezoned. When the board of supervisors denied his rezoning application on September 16, 1971, he contested this ruling in a suit for declaratory judgment. The chancellor who presided in the present suit decided in that case on April 11, 1972 that the rezoning petition should be remanded to the board for further consideration. No final order was sought by purchaser in the zoning case on the advice of "certain county officials" who indicated the zoning application would be granted if purchaser would wait the expiration of one year from the date of his original request, and then refile.

On January 5, 1972, the three parties to the contract agreed, by executing an addendum typed on the reverse of the contract, "to extend this said contract for six months from the 21st of November 1971 [the final day of the 120-day term] to May 21st 1972." Purchaser thereafter met with seller Wood on May 26, 1972 and the two agreed to extend further the "expiration date" of the contract. On May 30, 1972, seller Wood sent a letter to purchaser stating "I hereby agree to extend the original agreement dated July 21 1971 from its original expiration date of May 21 1972 to Sept. 1st 1972." That letter was not signed by Wood's wife.

On June 1, 1972, W. Warren Wood died testate and his wife, the

defendant here, qualified as executrix of the estate. She is sued individually and in her representative capacity. By his will, Wood left the bulk of his estate, including the property in question, to defendant. She testified that about two weeks after his death, she learned for the first time of her husband's letter to the purchaser of May 30, 1972.

On August 31, 1972, purchaser went to defendant's home and stated his desire to close the transaction, handing her a letter so stating written by his attorney the day before. The stipulation shows defendant "did not at that time object in any manner to consummating the closing of the property." There were no further communications between the parties until September 22, 1972, when purchaser's attorney received a letter from defendant's attorney advising that defendant considered "the sales contract of July 21, 1971 to be of no effect." Defendant testified that after August 31, 1972 "I just decided I didn't want to sell it. . . . [T]he way property was going up, I thought it was worth more than what he had offered us for it."

On October 2, 1972, defendant's attorney remitted the $1,000 earnest money deposit to purchaser. Purchaser's counsel returned defendant's check a week later insisting that purchaser had a valid and enforceable contract. This suit ensued about a month later.

After considering the stipulation, and the *ore tenus* testimony of the purchaser and defendant, the chancellor decided by letter opinion of August 30, 1974 incorporated into the February 3, 1975 decree appealed from that "the course of conduct of the parties following the date for the closing as originally contemplated by the contract indicates that time had become of the essence to the parties" and that purchaser was not "diligent in the performance of the contract on his part."

Our sole inquiry is whether time had become of the essence of this contract. Equity has established the rule that in contracts for the sale of real estate, time is not of the essence unless expressly stipulated in the agreement, "or it necessarily follows from the conduct of the parties or the nature and circumstances of the agreement." *Sims* v. *Nidiffer*, 203 Va. 749, 752, 127 S.E.2d 85, 87 (1962). The intention of the parties, as demonstrated by their words and acts, is the controlling factor. And, the intention to make time essential will not be inferred from the mere appointment of a date for delivery of the deed, or the payment of the purchase price. *Morris* v. *Harrop*, 154 Va. 127, 135, 152 S.E. 343, 345 (1930).

We think the facts presented in this case fail to support the trial court's finding that time became essential. To the contrary, we believe

that time was not of the essence in this contract. The record shows that at all times prior to his death, seller Wood readily agreed to extend the closing dates, never objecting to time extensions. Indeed, he offered to assist purchaser in his unsuccessful attempt to have the property rezoned, having been kept advised by the purchaser of these efforts as the zoning case proceeded. Moreover, after Wood's death the defendant treated the obligation as subsisting for at least three months, deciding the contract was "of no effect" only after purchaser requested performance, stating her reason to be the increased value of the property.

Furthermore, the evidence shows the purchaser aggressively sought to have the property rezoned, incurring expenses of which the sellers were aware. After being rebuffed by the board of supervisors, purchaser, consistent with his contractual duty to seek rezoning, prosecuted a court action, obtaining a favorable ruling. Thereafter, he complied with a suggestion from the county officials that he delay further efforts to rezone the property. It is apparent that the delays in closing the transaction were occasioned, not by purchaser's failure to act, but by his affirmative steps to have the property rezoned, taken with the sellers' approval.

■ We reject defendant's contention that this was an option contract in which time was of the essence. She argues that because purchaser "at his sole option" could cancel the agreement if unsuccessful in rezoning the property, the contract was an option. An option is a right to purchase, but this was a contract to convey with a condition precedent. *See Shirley* v. *Van Every*, 159 Va. 762, 770, 167 S.E. 345, 347-48 (1933). The whole tenor of the instrument is one of sale, and the conduct of the parties was consistent with a contemplated sale, not an option. In the case of doubtful documents, courts prefer to construe them as contracts rather than options, *Id.*, but this is not even a doubtful case.

What we have already said disposes of the defendant's remaining contentions, and we deem it unnecessary to address them specifically.[1]

Accordingly, we hold the decree below was plainly wrong and without evidence to support it. The suit will therefore be remanded to the trial court with direction that the defendant be ordered to specifically perform the contract in question.

*Reversed and remanded.*

---

[1] On appeal defendant abandons her position previously stated in the trial court in which she argued that specific performance would not lie against her interest in the property because she did not sign the May 30, 1972 letter.