## CIRCUIT COURT OF ARLINGTON COUNTY

Saidi Investments, Inc.

v.

First Virginia Bank

August, 1978

Case No. (Chancery) 28127

By JUDGE CHARLES H. DUFF

Complainant seeks specific performance of a contract for the sale of realty to it by Defendant. Testimony was received, able argument of counsel heard and the authorities cited therein have been carefully examined. I am of the opinion that the prayers of the Bill of Complaint should be denied. The following legal principles are apropos to the issue presented.

The specific performance of a contract is not a matter of absolute right but rests in a sound judicial discretion. In such suits the courts have and exercise a wide discretion . . . so the Court has a right to look at all of the circumstances and say whether justice and right demand a grant of performance. *See* 17 Michies Jur., *Specific Performance*, Sec. 4.

The established doctrine in equity is that time is not usually regarded as of the essence in contracts for the sale of real estate, unless it has been expressly so provided in the contract or it necessarily follows from the conduct of the parties or the nature and circumstances of the agreement that time should be considered as of the essence. *See Beckett* v. *Kornegay*, 150 Va. 636 (1928).

It also appears to be settled that the naming of a day or a period of time during which settlement shall

be made does not of itself make time of the essence. *See Reutt* v. *Jordan*, 207 Va. 869 (1967). In *Wood* v. *Wood*, 216 Va. 922 (1976), the Supreme Court of Appeals commented:

> And, the intention to make time essential will not be inferred from the mere appointment of a date for delivery of the deed, or the payment of the purchase price.

Applying these principles to the evidence taken, the critical question is whether the Hanson contract was indeed in default on December 15, 1977, when the Bank wrote to Mr. Saidi and advised him that "all contingencies have been removed." The Hanson contract provided for settlement within ninety days from the date of acceptance. Mr. Pask, Real Estate Manager of the Defendant, testified that he considered this to mean "three months." On December 12, 1977, Mr. Hanson wrote to Mr. Pask requesting an extension of the settlement date for a period of thirty days. Time not being of the essence of this contract, there was no automatic default upon the passage of the assigned settlement date.

The Defendant candidly concedes that they were in error in advising Mr. Saidi that all contingencies had been removed. Subsequently, upon consulting counsel they recognized that no default had occurred and in fact they granted an extension of settlement on the Hanson contract.

Complainant's contention that the Bank's letter to Mr. Saidi of December 15, 1977, coupled with the contract of December 13, 1977, transferred the equitable title to the property to Mr. Saidi cannot be sustained. The argument overlooks the fact that the equitable title to the property had passed by equitable conversion to Hanson, Trustee, on September 13, 1977, subject to being defeated if a default should occur in Hanson's contract. No default had occurred as of December 15, 1977. Thus the Bank was not possessed of equitable title to convey to Saidi on that date and the mistake in their letter that "all contingencies have been removed" did not make it so.

To grant the relief requested would work an unfair result on third parties, namely Hanson. In *Walker* v. *Henderson*, 151 Va. 913 (1928), in citing *Pomeroy on Specific*

*Performance* as to when it will be granted, the Court commented:

> That is, the contract must be certain, unambiguous, mutual, and upon a valuable consideration . . . and its performance not oppressive upon the defendant, nor productive of unfair results towards third persons.

In short, the admitted mistake of the Bank as to the legal status of its obligation to Hanson under the original contract cannot be used as the basis for the relief sought. In *Printz* v. *McLeod*, 128 Va. 471 (1920), while not apropos to the decision, the Court observed:

> There are cases in which it is well settled that the reasonable mistake of one party only to a contract, because of which he was induced to execute it, will bar the enforcement of the specific performance of it in a suit against such party.

This holding in no way infers that Mr. Saidi was without remedy for whatever damages he sustained as a result of the Bank's mistake, nor is an opinion expressed as to whether the bringing of this action forecloses other possible remedies. It merely states the Court's belief that under the totality of all of the evidence specific performance in this instance should not be decreed.