## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Hampton Howell
and Katherine Howell

v.

Gordon Berne
and Rosalyne Berne

Gordon Berne
and Rosalyne Berne

v.

Hampton Howell,
Katherine Howell,
and Colonnade Realty, Inc.

October 18, 1991

Case No. (Chancery) 7381

By JUDGE PAUL M. PEATROSS, JR.

This cause comes on before the Court on the Demurrer filed by the Bernes to the Bill of Complaint filed by the Howells and the Motions of the Howells and Colonnade to Dismiss the Cross-Bill filed by the Bernes.

### Statement of Facts

On May 1, 1991, the complainants, Hampton and Katharine Howell, represented by Colonnade Realty, entered into a contract for the sale of residential real estate with

the respondents, Gordon and Rosalyne Berne. The total purchase price of the residence was $230,000.00, and the Bernes paid a deposit of $5,000.00. Settlement was scheduled to occur "on or about" August 1, 1991, but the contract provided for a settlement extension if it became necessary for the seller to cure a title defect. This extension period was limited to sixty days, however; if title were not perfected by that time, the Bernes' deposit was to be refunded and the contract terminated.

At some point prior to settlement, the Bernes determined that they no longer wished to purchase this residence. They informed Colonnade Realty that they were exercising their right to void the contract under Virginia Code Section 11-2.3, which provided that contracts for the sale of improved residential real estate which did not require completed performance within two years would be voidable at the buyer's option unless the contract were in recordable form. The Howells brought an action seeking specific performance of the contract by the Bernes. The Bernes have filed a Cross-Bill against the Howells and Colonnade Realty, Inc., seeking a declaratory judgment that the contract violates § 11-2.3 and a claim for a refund of their deposit from Colonnade. The Howells and Colonnade filed Motions to Dismiss the Cross-Bill on the basis that § 11-2.3 does not apply to this real estate contract.

## Question Presented

Does Virginia Code § 11-2.3 render a standard-form residential real estate contract voidable at the buyer's option, where time is not made expressly of the essence, but a closing date is specified in the contract itself, subject only to a limited extension in which to cure title defects?

## Discussion

As enacted by the Virginia Legislature in 1977, Virginia Code § 11-2.3 provided that contracts for the sale of improved residential real estate which did not require completed performance within two years would be voidable at the buyer's option unless the contract were in recordable form. Although the Legislature repealed

Section 11-2.3 effective July 1, 1991, the case now before this court concerns a contract for the sale of improved residential real estate which was executed on May 1, 1991. As a result, § 11-2.3 may still apply, and this court must consider whether the Bernes have the statutory right to void their contract with Colonnade Realty.

Counsel have presented this court with no binding authority, and there are apparently no Virginia appellate decisions construing this particular Code section. The leading circuit court decision in this area is, of course, *Frank v. Tipco Homes, Inc.*, 19 Va. Cir. 291 (1990). In *Tipco*, Judge Fitzpatrick applied § 11-2.3 to a contract for the construction and sale of a custom-built home. The language contained in the various provisions of the contract granted the seller an almost limitless amount of time in which to build the house and transfer title to the buyers. Because the contract as written did not positively "require" that either party completely perform its respective obligations within two years and because the contract did not satisfy § 11-2.3's recording requirements, Judge Fitzpatrick held the contract voidable at the buyer's option.

Although this reasoning may well have been appropriate for the situation in *Tipco*, the case now before the court differs markedly. Unlike *Tipco*, the contract between the Bernes and Colonnade Realty does not call for the construction of a new home, but is simply a sales agreement to transfer title of an existing residence. The Bernes' contract does not include any provisions resembling the complex set of contingencies which extended Tipco Homes' potential time of performance beyond the two-year limit. Furthermore, the contract in *Tipco* contained no affirmative requirement that settlement take place within two years of execution. The Bernes' agreement with Colonnade Realty clearly specified a settlement date within ninety days of execution, subject to a maximum sixty-day extension to enable the seller to cure any title defect. As a result, the court finds that Judge Fitzpatrick's ruling in *Tipco* does not control its decision in the case at hand.

Even though *Tipco* is clearly inapposite, though, this court must still consider whether Virginia Code Section 11-2.3 renders a standard-form residential real estate contract voidable at the buyer's option, where time is

not made expressly of the essence, but a closing date is specified in the contract itself, subject only to a limited extension in which to cure title defects.

Other courts have dealt with similar issues in the wake of the *Tipco* decision, although there appears to be no general agreement among the circuits as to how far the *Tipco* reasoning should be applied. In *Bell v. Burleigh* (VLW 90-H-489)█, Judge McNamara allowed a buyer to void a standard real estate contract under § 11-2.3, where that contract contained provisions under which the seller could void the contract. In *Steubing v. Bean* (VLW 91-H-271)█, on the other hand, Judge Berry found that Section 11-2.3 did *not* apply to a standard-form real estate contract which allowed a maximum sixty-day settlement extension to cure a title defect. A similar result was reached by Judge Harris in *Ahrens v. Austin*, although no written opinion is available. In *Potter v. Ogg*█ Judge Sullenberger found that § 11-2.3 did not apply to a standard form residential real estate contract, where time was of the essence, closing was to be in fewer than three months, and there was only a reasonable extension allowed in order to clear title.

In the case now before the court, time is not made expressly of the essence. However, the date at which settlement is to occur takes place ninety days after the contract was executed, subject only to a possible sixty-day extension for the seller to cure any potential title defects.

## A. *Extension to Cure Title Defects*

The Bernes assert that the standard contract provision extending the settlement date by up to sixty days in order to cure potential title defects is ambiguous and must be construed against Colonnade Realty. As a result, they suggest the settlement date might actually be extended

*indefinitely* under this contract provision, which would render the real estate contract voidable under § 11-2.3. This court must disagree.

The contract provision in question, Standard Provision B, states that:

> If the examination reveals a title defect of a character that can be remedied by legal action or otherwise within a reasonable time, Seller, at its expense shall promptly take such action as is necessary to cure such defect. If the defect is not cured within sixty (60) days after Seller receives notice of the defect, then either party *may* terminate this contract at the expiration of such sixty (60) day period, and the Deposit shall be refunded to Purchaser. Upon the making of such refund, this Contract shall be terminated, and no party shall have any claim against any other by reason of this Contract. The parties agree that the settlement date prescribed in Paragraph 8 shall be extended if necessary to enable Seller to cure any title defect, but for no more than sixty (60) days.

While the terms of this provision clearly indicate that either party *may* terminate the contract at the end of sixty days, it is equally clear that neither party alone *must* do so. However, the last sentence very plainly states that the settlement date may not be extended beyond sixty days. In other words, *someone* must terminate the contract once the sixty-day period has passed, even though the provision does not specify if it is to be the buyer or the seller. The fact that there is no clearly-defined "duty to terminate" resting with either party individually does not alter the unambiguous requirement that the contract be terminated no later than sixty days after the specified settlement date. Where the meaning of a contract provision is plain on its face, the court will not strain to create an ambiguity. *Lerner v. Gudelsky Co.*, 230 Va. 124, 132 (1985).

Thus, the plain language of Provision B unambiguously limits any extension for title defects to a maximum sixty days, and as a result, it extends the time for performance

to 150 days at the most. This court therefore finds that Provision B does not place this contract within the ambit of § 11-2.3.

B. *Time of the Essence*

The Bernes also suggest that because their contract with Colonnade Realty does not expressly make time of the essence, it does not "require" completed performance within *any* time period and is thus voidable under § 11-2.3. Again, the court does not agree.

In contracts for the sale of real estate, time is typically not of the essence unless expressly made so in the agreement, or it necessarily follows from the nature and circumstances of the agreement. *Wood v. Wood*, 216 Va. 922, 924 (1976). TIme may be an essential element of a contract, however, even where the phrase "time is of the essence" is absent. The intention of the parties, as demonstrated by their words and acts, is the controlling factor to be considered by the court. *Id.*

As a result, time could very well have been an essential element of this real estate contract. The language of Standard Provision B clearly expresses both parties' intent that the period for performance would be extended no more than sixty days beyond the specified settlement date. Even if that provision alone were not sufficient proof of intent, time would certainly have become an essential element when viewed over the two-year period required under § 11-2.3. In that time, the price of the Bernes' real estate could have changed considerably, materially altering the nature of the bargain. However, since both parties seem to agree that time was not of the essence in this contract, the court will not consider the question further.

A party may not delay performance indefinitely, however, even where time is not of the essence. It is hornbook law that unreasonable delay constitutes a material breach of any contract, whether time is an essential element or not. *Williston on Contracts*, § 575 (3d ed. 1961). Thus, where time is not of the essence, the court must necessarily imply a reasonable period during which performance is required. *Ryland Group, Inc. v. Wills*, 229 Va. 459, 467 (1985); *Appalachian Power Co. v. Walker*, 214 Va. 524,

535 (1974); *Huselton v. Roop,* 215 Va. 127, 128-29 (1974); *White v. Bott,* 158 Va. 442, 452 (1931).

In the instant case, then, the critical question becomes whether or not a contract which specifies a time for performance of ninety days, but which does not make time an essential element, nevertheless "requires" performance within a period of two years as required by § 11-2.3. This court finds that it does. Though industrious counsel could no doubt produce examples of real estate transactions which took more than two years to close, such cases are rare and were definitely not within the contemplation of either party at the time this contract was executed. On the contrary, such a delay would clearly be unreasonable in the context of any standard real estate contract. Thus, while the Bernes' contract with Colonnade Realty does not require performance on the precise date of settlement, this court holds that it does require that both parties fulfill their obligations, if at all, within a reasonable period ending no later than May 1, 1993.

### Conclusion

As Judge Sullenberger has noted, there is a substantial amount of ambiguity present in § 11-2.3's provision that contracts for the sale of improved residential real estate "require completed performance within two years." *Potter v. Ogg.* In spite of this ambiguity, though, this court finds § 11-2.3 inapplicable to the contract at hand. The settlement extension granted by Standard Provision B to cure title defects is clearly limited, by its own terms, to a maximum of sixty days. There are no other contingencies which would allow settlement to be extended. Furthermore, the parties are bound by the contract to complete settlement within ninety days of execution. The fact that time is not made expressly of the essence does not allow the parties to take a commercially unreasonable amount of time to fulfill this obligation.

As a result, the Court finds that the contract in question does "require" completed performance within two years, as called for in § 11-2.3 and that the Bernes do *not* have the statutory right to void the contract at their option. Therefore, the Demurrer is overruled, and the Motions to Dismiss the Cross-Bill are sustained.