# CIRCUIT COURT OF LOUDOUN COUNTY

Legend Properties et al.

v.

Atlantic Research Corp. et al.

December 30, 1998

Case No. (Chancery) 18582

BY JUDGE JEAN HARRISON CLEMENTS

This cause comes before the Court on the Bill of Complaint for Declaratory Judgment of Plaintiffs and the Demurrer thereto of the Defendant, Atlantic Research Corporation. The Demurrer was argued by Counsel on November 16, 1998, and taken under advisement by the Court.

The case involves a Contract of Sale executed on January 23, 1998. The parties agree that June 23, 1998 ("Settlement Date"), is the date by which settlement should have occurred by its terms in Paragraph 7: "Settlement hereunder shall take place sixty (60) days after the expiration of the Study period referenced in Paragraph 4 above." The Study Period extended ninety days from the date the contract was executed. The parties also agree that there is not a specific provision of the contract reciting "Time is of the essence." There is no dispute that this contract is for the sale of real estate.

The Defendant, in its Demurrer, argues that Paragraph 7 defined a "fixed settlement date" and that the contract is clear and unambiguous and contained no contingencies. It further argues that consequences to each party for non-performance were clearly and specifically articulated, to wit, a forfeiture of deposit by the Plaintiffs and a waiver of specific performance by the Defendant. The Defendant further argues that, even if a reasonable time to perform existed, no facts have been pleaded to excuse non-performance and that a reasonable time has passed as a matter of law.

The Bill of Complaint does allege steps taken by the Plaintiffs in pursuit of performance and that they have been impeded by the actions of the

Defendant. The Plaintiffs argue that the Court could not conclude the issue of "reasonable time" without hearing evidence.

The long- and well-settled rule in Virginia is set forth in *Wood v. Wood*, 216 Va. 922 (1976):

> Equity has established the rule that in contracts for the sale of real estate, time is not of the essence unless expressly stipulated in the agreement, "or it necessarily follows from the conduct of the parties or the nature and circumstances of the agreement." *Sims v. Nidiffer*, 203 Va. 749, 752 (1962). The intention of the parties, as demonstrated by their words and acts, is the controlling factor. And, the intention to make time essential will not be inferred from the mere appointment of a date for delivery of the deed, or the payment of the purchase price. *Morris v. Harrop*, 154 Va. 127, 135 (1930).

*Id.* at 924 (parallel citations omitted).

In this case, the language "Time is of the essence" is not specifically stated in this contract. Although Paragraph 7 states that settlement "shall take place sixty (60) days after the expiration of the Study Period referenced in Paragraph 4," the penalty provisions thereof are more consistent with an interpretation of a shield to the Purchaser, the Plaintiffs, than a sword for the Seller, the Defendant. The Court, upon the Demurrer, declines to equate the language of Paragraph 7 to an express stipulation that time is of the essence. Whether this provision could be so equated from the conduct of the parties, the nature and circumstances of the agreement, or the intent of the parties as demonstrated by their words or acts, would require evidence to be taken.

Finally, the Court, on the basis of the allegations of the Bill of Complaint, cannot say, as a matter of law, that a reasonable time to perform has passed.

The Demurrer is therefore overruled. Defendant may have twenty-one days within which to file responsive pleadings.