UPON A REHEARING EN BANC
ANNUNZIATA, Judge.
This matter comes before the Court on a rehearing en banc from a decision of a divided panel rendered January 22, 2002. The panel affirmed the trial court’s award of a judgment against M. Morgan Cherry & Associates (MMCA) in the amount of $9,900. The judgment was based on a violation of a court order, issued pursuant to Code § 20-79.1, directing MMCA to withhold and pay out of the disposable income of M. Morgan Cherry, an employee and shareholder of MMCA, a deducted amount for spousal support due the appellee, Natalie W. Cherry. The trial court found that MMCA had violated the income deduction order and entered judgment against it. For the following reasons, we affirm.

BACKGROUND

Under familiar principles, we state the evidence in the light most favorable to Ms. Cherry, the party prevailing below. *697 Richardson v. Richardson, 30 Va.App. 341, 349, 516 S.E.2d 726, 730 (1999). MMCA is a Virginia corporation that provides private investigation services. Mr. Cherry owns 60% of the outstanding stock of MMCA. MMCA’s other two shareholders, Robert M. Puglisi and Thomas G. Byrne, each own 20% of the stock. Puglisi and Byrne are not related to Mr. Cherry.
Ms. Cherry filed her bill of complaint for divorce against Mr. Cherry on January 31, 2000. The parties entered into a Consent Pendente Lite Support Order on May 8, 2000, which provided that Mr. Cherry would pay Ms. Cherry $3,300 per month in spousal support. Mr. Cherry ceased making spousal support payments in July 2000. On July 17, 2000, Mr. Cherry instructed MMCA to stop paying him a salary and they complied.
On August 28, 2000, at Ms. Cherry’s request, the court issued an income deduction order pursuant to Code § 20-79.1. The income deduction order identified MMCA as the “employer” and required MMCA to withhold and pay out of the disposable income of Mr. Cherry a deducted amount for spousal support for Ms. Cherry. It also provided that MMCA “shall be liable for payments which [it] fails to withhold or mail as specified in the Order.” The amount of the deduction was set at $3,300 per month, subject to a limitation based on Mr. Cherry’s disposable income. Thus, depending upon the amount of disposable income it paid to Mr. Cherry, MMCA would be obligated to make payments of up to $3,300 per month.
On September 22, 2000, Ms. Cherry filed a motion for satisfaction of judgment by defendant’s interest in his corporate entities. By that motion, Ms. Cherry asked the court to require MMCA to directly satisfy, in whole or in part, judgments and other obligations of Mr. Cherry in the case. The court denied the motion without prejudice, holding that it could not be heard on an abbreviated motions day.
Ms. Cherry proceeded to an equitable distribution hearing before the trial court on October 31, 2000. MMCA filed a *698 motion to intervene to protect itself against discovery requests served by Ms. Cherry. It claimed that Ms. Cherry sought privileged and confidential information relating to the company. The trial court denied the motion, and MMCA did not participate in the hearing. As part of the equitable distribution hearing, Ms. Cherry again asked that the court require MMCA to pay judgments entered against Mr. Cherry. The court again denied the request without prejudice, holding that Ms. Cherry had to file a separate lawsuit to pursue the relief sought.
At the hearing, the trial court also sua sponte issued a rule to show cause why MMCA should not be held in contempt for its failure to comply with the income deduction order. The trial court set a return date of November 3, 2000 for the rule to show cause hearing.
The trial court conducted the show cause hearing on November 3 and November 17. The evidence proved that Mr. Cherry had instructed MMCA to stop paying a salary to him on July 17, 2000 and that MMCA complied, but that Mr. Cherry continued as an employee of MMCA.
Ms. Cherry contended that MMCA had a continuing liability to Mr. Cherry. She relied, in part, on the testimony of Puglisi, MMCA’s sole witness. Puglisi acknowledged that MMCA had approved the response to the income deduction order filed on September 1, 2000, which stated that “Mr. Cherry instructed [MMCA] not to make any further payments of salary or any other amounts to him. Mr. Cherry is still an employee of [MMCA].” Further, Puglisi testified that Mr. Cherry is co-founder and majority shareholder of the company, that some clients choose MMCA based on Mr. Cherry’s reputation, that Mr. Cherry may have clients that he solicits, and that he has marketing responsibilities.
Counsel for Ms. Cherry indicated three times throughout the show cause proceeding that she was basing her argument, in part, on the testimony of Ms. Cherry from the equitable *699 distribution hearing.[1] No transcript of evidence from the equitable distribution hearing was introduced, however. MMCA did not object to the references by counsel and did not produce the evidence referred to by Ms. Cherry’s counsel on appeal.
Ostensibly treating the referenced evidence from the prior hearing as before her, the trial court judge specifically stated that, in entering judgment against MMCA, she was relying upon it, in part, including, inter alia, the evidence regarding “the nature of [MMCA’s] business, the kind of work that it does, its ownership, its structure, and ... the way Mr. Cherry operates with respect to his multiple identities, passports, et. cetera.” MMCA failed to object, on due process or other grounds, to the court’s consideration of this evidence.
The trial judge concluded that “MMCA continues to be liable to Max Cherry for his salary whether MMCA is paying it or not ... and inasmuch as it’s an obligation that MMCA owes to Mr. Cherry, it’s an obligation that MMCA under this Court’s income deduction order owes to Ms. Cherry.” She did not find MMCA in contempt, but entered judgment against MMCA for $9,900, representing the amount the court deemed due from MMCA to Ms. Cherry under the income deduction order for the months of September, October, and November 2000. MMCA objected to the amount of the judgment, but registered no other objections.
MMCA now appeals the trial court’s entry of judgment against it.

*700
ANALYSIS

I.

Threshold Issues

Although Ms. Cherry presented three threshold issues for our consideration, one of them is moot.[2] We address the remaining issues. First, Ms. Cherry maintains that we lack subject matter jurisdiction to hear MMCA’s claims. We disagree. We have jurisdiction pursuant to Code § 17.1-405, which states, “[a]ny aggrieved party may appeal to the Court of Appeals from ... [a]ny ... domestic relations matter arising under Title 16.1 or Title 20.” Because the court issued the income deduction order pursuant to Code § 20-79.1, this case involves a domestic relations matter arising under Title 20 and comes within our jurisdiction.
Second, Ms. Cherry contends that MMCA’s appeal of the trial court’s denial of its motion to intervene in the divorce case is untimely. We need not address this issue because we find MMCA did not appeal the denial of its motion to intervene.

II.

MMCA’s Appeal

MMCA contends that: (1) the trial court improperly considered evidence from an earlier proceeding; (2) the evidence was insufficient as a matter of law to support the trial court’s finding that MMCA owed a debt to Mr. Cherry; (3) the trial court violated MMCA’s right to due process of law; and (4) the trial court lacked authority to enter judgment on a rule to show cause. We consider appellant’s allegations seriatim.

*701
A. Consideration of Evidence from Previous Proceeding

MMCA alleges for the first time on appeal that the trial court improperly relied on evidence from the equitable distribution hearing in reaching its decision to enter judgment against MMCA. Therefore, this claim is procedurally barred. Rule 5A:18; see also Hansel v. Commonwealth, 118 Va. 803, 808, 88 S.E. 166, 167 (1916); cf. Hess v. Commonwealth, 17 Va.App. 738, 739-44, 441 S.E.2d 29, 30-33 (1994).
At trial, MMCA did not object on due process or other grounds to the court’s consideration of the evidence when Ms. Cherry directed the judge to testimony from the earlier hearing or when the trial judge stated she took it into account. Nor did MMCA properly raise the objection in closing by stating that “on the evidence that’s before Your Honor here today, the rule to show cause should be dismissed.” See Fortune v. Commonwealth, 14 Va.App. 225, 228, 416 S.E.2d 25, 27 (1992) (holding that a closing argument satisfies the contemporaneous objection rule only where the trial court “considered the issue” and “had an opportunity to take corrective action”).
Finally, MMCA’s failure to object does not fit within either the “good cause” or “ends of justice” exceptions to the rule. First, because MMCA failed to utilize several opportunities to make its objection,[3] we find no “good cause” for MMCA’s failure to raise the issue at trial. See Luck v. Commonwealth, 32 Va.App. 827, 834, 531 S.E.2d 41, 44 (2000) (holding that where “the defendant had the opportunity to object but elected not to do so,” his claim is not preserved).
Second, the “ends of justice” do not require us to consider MMCA’s claim that the trial judge improperly considered evidence from the equitable distribution proceeding be *702 cause MMCA did not present a record on appeal that affirmatively demonstrates that such consideration “clearly had an effect upon the outcome of the case.” Brown v. Commonwealth, 8 Va.App. 126, 131, 380 S.E.2d 8, 10 (1989); see Redman v. Commonwealth, 25 Va.App. 215, 221, 487 S.E.2d 269, 272 (1997) (“In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.” (citing Mounce v. Commonwealth, 4 Va.App. 433, 436, 357 S.E.2d 742, 744 (1987))); see also Jones v. Commonwealth, 29 Va.App. 503, 520-21, 513 S.E.2d 431, 440 (1999). Without the evidence MMCA claimed the judge erroneously considered, we cannot perform the necessary calculus to determine whether the error was clear, substantial and material. See Jenkins v. Winchester Dep’t of Soc. Servs., 12 Va.App. 1178, 1185, 409 S.E.2d 16, 20 (1991).
Because MMCA failed, without good cause, to object to the court’s use of evidence from the prior proceeding and has not proven that a manifest injustice resulted, we will not consider the merits of this argument on appeal.

B. Sufficiency of the Evidence

MMCA also contends the trial court erred in its finding that MMCA owed a debt to Mr. Cherry. Our standard of review requires that we presume the judgment of the trial court to be correct, Broom v. Broom, 15 Va.App. 497, 504, 425 S.E.2d 90, 94 (1992), and that we sustain its finding unless it is plainly wrong or without evidence to support it. Dodge v. Dodge, 2 Va.App. 238, 242, 343 S.E.2d 363, 365 (1986).
Furthermore, MMCA bears the burden of proving that the evidence did not justify the conclusion that MMCA owed a debt to Mr. Cherry, including presentation of a record that demonstrates that the decision of the trial court was clearly erroneous or unsupported by the record. Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961); Jenkins, 12 Va.App. at 1185, 409 S.E.2d at 20; Steinberg v. Steinberg, 11 Va.App. 323, 326, 398 S.E.2d 507, 508 (1990); Kaufman v. *703 Kaufman, 7 Va.App. 488, 499, 375 S.E.2d 374, 380 (1988). “If the appellant fails to do this, the judgment will be affirmed.” Justis, 202 Va. at 632, 119 S.E.2d at 257. The appellant must present to the appellate court all the evidence considered by the trial judge, including evidence that may have been considered improperly but without objection. See Commonwealth v. Jenkins, 255 Va. 516, 522, 499 S.E.2d 263, 266 (1998) (“Since the handwritten notation on the discharge summary was received without objection as evidence in the case, the Court of Appeals erred in disregarding that portion of the exhibit in reviewing the sufficiency of the evidence.”).
Because MMCA has not met its burden of producing the challenged evidence for our review on appeal, we cannot say the evidence before the trial judge was insufficient as a matter of law to support her finding. Therefore, we affirm her decision on this issue.
C. Due Process[4]
We find no merit in MMCA’s claim that the trial court violated its due process rights because it lacked reasonable notice that its financial interests were at stake at the show cause hearing. The trial court twice notified MMCA that it could issue a money judgment against it. First, the trial court issued an income deduction order, which, pursuant to Code § 20-79.3(11), specifically provided that MMCA “shall be liable for payments which [it] fails to withhold or mail.” Second, we have previously held that a trial court may issue a money judgment on a rule to show cause. See Shoup v. Shoup, 31 Va.App. 621, 627-28, 525 S.E.2d 61, 64-65 (2000). MMCA was properly served with the rule to show cause and was chargeable with the knowledge that, under Virginia law, its financial interests were at stake.
Likewise, we find no merit in MMCA’s contention that the trial court, at the show cause hearing, improperly denied its *704 right to a jury trial and its right to cross-examine evidence against it.[5] It is uncontested that MMCA participated as a party in the show cause hearing. At no time during the hearing did MMCA request, or make an effort to implement its right, to cross-examine or a jury trial.

D. Entry of Judgment on Rule to Show Cause

MMCA also argued, for the first time in its reply brief, that the trial court had no legal basis to enter judgment against it to enforce the terms of the income deduction order in the context of a contempt hearing on the rule to show cause. Because this issue was not presented below, we do not consider it on appeal. Rule 5A:18.
For the foregoing reasons, we affirm the trial court’s decision.

Affirmed.

. First, on November 3, she noted Ms. Cherry’s testimony that she had not received support from either Mr. Cherry or MMCA since June 2000. Again on that date, counsel referred to Ms. Cherry’s testimony regarding the methods by which Mr. Cherry generates profits for MMCA: "[Mr. Cherry] goes around the United States and the world and he gets business and then he has his network of subcontractors do the business. They don’t need billing from Mr. Cherry.” She also stated that MMCA did not controvert Ms. Cherry’s testimony. Finally, at the second session of the hearing on November 17, Ms. Cherry’s counsel reminded the court that Ms. Cherry had testified at the equitable distribution hearing that Mr. Cherry controlled MMCA. Ms. Cherry did not testily at the show cause hearing.

. Our order dated December 22, 2000 mooted MMCA’s appeal of the trial court’s December 1, 2000 order denying a supersedeas bond. We suspended execution of the judgment, and a bond was issued pending appeal.

. Before making its ruling, the trial court described the evidence from the equitable distribution hearing she considered, then asked the plaintiffs counsel to prepare a judgment order in her favor. In addition, opposing counsel made three references to it in support of her argument.

. As discussed in Section I of this opinion, we do not find that MMCA appealed the denial of its motion to intervene. Therefore, we do not address the claim that the denial violated due process.

. For reasons discussed in Section 11(A) of this opinion, we do not address MMCA’s argument that it could not cross-examine the evidence from the equitable distribution hearing.