COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Willis


CITY OF NORFOLK
 DEPARTMENT OF HUMAN SERVICES

v.      Record Nos. 0733-05-1, 0734-05-1 and 0735-05-1

CANDICE HARRIS                                          MEMORANDUM OPINION*
                                                             PER CURIAM
CITY OF NORFOLK                                          AUGUST 2, 2005
 DEPARMENT OF HUMAN SERVICES

v.      Record Nos. 0736-05-1, 0737-05-1 and 0738-05-1

DONNIE LEE


                 FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                         Everett A. Martin, Jr., Judge

          (Adam D. Melita, Assistant City Attorney, on briefs), for appellant.

          No brief for appellee Candice Harris.

          (Kelly B. St. Clair; St. Clair Law Firm, on brief), for appellee
          Donnie Lee.


        The City of Norfolk Department of Human Services (DHS) appeals from a decree of the

trial court finding that DHS failed to prove "a statutory basis for termination [of the parental rights

of the appellees] by clear and convincing evidence."  On appeal, DHS contends the trial court erred

in (1) requiring evidence of abuse or neglect in order to determine whether the elements required by

either Code § 16.1-283(C)(2) or 16.1-283(E)(i) had been proven, and (2) ruling that there was no

legal basis to grant a termination of residual parental rights under either subsection.  Upon

reviewing the record and briefs of the parties, we conclude that DHS failed to preserve these issues

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

in the trial court. Rule 5A:18. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

DHS concedes it did not preserve the questions presented on appeal, but argues that the good cause exception to Rule 5A:18 enables this Court to address the issues.[1] We disagree.

The "good cause" exception to Rule 5A:18 will not be invoked where the appellant had the opportunity to raise the issue at trial but did not do so. See M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (*en banc*). DHS contends it had no such opportunity in this case. Specifically, DHS argues:

> The opportunity which might have presented itself at trial did not materialize, as the proceedings were concluded too abruptly. The opportunity which might have presented itself upon presentation of a final decree never materialized as the court, without warning, waived Rule 1:13. The opportunity to object to the written order never materialized as no final decree was ever provided or sent to the parties.

We do not accept DHS's contentions.

At the conclusion of the trial court's February 28, 2005 hearing, the judge gave an oral ruling in which he stated why he was dismissing the petitions. Nothing in the record indicates that DHS could not have voiced its objections to the oral ruling at that point. Furthermore, the final decree commands the clerk to "send copies of this Decree to counsel for the parties . . . ." "A court speaks only through its orders." Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964). Again, nothing in the record belies the veracity of the trial court's decree, and nothing indicates that the clerk failed to perform the command contained therein. As such, nothing in the record demonstrates that DHS did not have the opportunity to file a petition for rehearing or written objections to the decree.

---

[1] DHS does not contend that the ends of justice exception to Rule 5A:18 applies. Therefore, we do not address that exception.

For these reasons, we find that DHS has not demonstrated good cause for failing to preserve the questions presented. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

<u>Affirmed.</u>