COURT OF APPEALS OF VIRGINIA

Present:  Judges Clements, Beales and Powell
Argued at Richmond, Virginia


VICTORIA C. LEE

v.        Record No. 2220-07-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE CLEO E. POWELL
DECEMBER 23, 2008


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

William P. Irwin, V (Bowen, Champlin, Carr, Foreman &
Rockecharlie, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Victoria C. Lee (appellant) was convicted of possession of cocaine, in violation of

Code § 18.2-250, following a bench trial.  On appeal, appellant contends the trial court erred in

denying her motion to suppress the crack cocaine found in her vehicle because the officer's

declaration that the vehicle was to be inventoried was an improper pretextual basis to search the

vehicle.  Finding appellant's claim of error procedurally barred, we affirm the conviction.

I.  BACKGROUND

On March 25, 2006, Officer Christopher Lanham stopped appellant for a traffic

infraction.  She stopped the car so that it obstructed the entrance to a business.  As Officer

Lanham approached the vehicle she was driving, she informed him that her driver's license was

suspended.  Officer Lanham released her on a summons but informed her that he was going to

call a private towing company to tow the car to a private lot because the car was not parked in a

_____

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

safe location and did not belong to her. Officer Lanham then told appellant that because the car was to be towed, police policy required him to inventory the car. She then told Officer Lanham that she had crack cocaine in the car.

During her motion to suppress, appellant argued that there was no basis for an inventory search because the police were not taking possession of the car. She asserted that towing a car to a private lot is not the same as the police impounding a vehicle and, therefore, an inventory search was improper. Appellant argued that her statement was not voluntary because the officer did not have a basis on which the inventory search would have been permissible. The trial court denied the motion to suppress the evidence and convicted appellant.

This appeal followed.

## II. ANALYSIS

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We have repeatedly stated that the purpose of "'Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'" Neal v. Commonwealth, 15 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992)). Therefore, the argument must be made to the trial court with some specificity. Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760-61, 589 S.E.2d 444, 448 (2003) (en banc).

On appeal, appellant contends that Officer Lanham used a police policy to inventory towed vehicles as a pretext to search her car. At trial, however, she argued that an inventory search was not permissible because police were not taking possession of the vehicle. Thus, it is clear that appellant's contention on appeal differs from the argument she presented in the trial court. Indeed, appellant's counsel conceded during oral argument before us that the contentions were not the same. We hold, therefore, that, appellant is procedurally barred by Rule 5A:18 from raising the issue for the first time on appeal.

Moreover, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18. See M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (en banc) (holding that the "good cause" exception to Rule 5A:18 will not be invoked where appellant had the opportunity to raise the issue at trial but did not do so); Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred."); Edwards, 41 Va. App. at 761, 589 S.E.2d at 448 ("We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18.").

## III. CONCLUSION

For these reasons, we affirm appellant's conviction.

Affirmed.