COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


JUDSON JEFFREY HARRIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2927-07-2            JUDGE JEAN HARRISON CLEMENTS
                                                        MARCH 10, 2009
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                              David H. Beck, Judge

               Rebecca K. Glenberg (Joseph T. Brown; American Civil Liberties
               Union of Virginia Foundation, Inc., on brief), for appellant.

               Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
               Attorney General, on brief), for appellee.


        Judson Jeffrey Harris (appellant) was convicted of possession of heroin, in violation of

Code § 18.2-250, after he failed to meet the conditions that deferred the trial court's finding of

guilt.  On appeal, appellant contends the trial court erred (1) in failing to reverse his termination

from the Rappahannock Area Regional Drug Treatment Court (drug court) because the

termination violated his due process rights under the Fourteenth Amendment; (2) in refusing to

consider evidence of the reasons for his termination from drug court; and (3) in refusing to

consider alternatives to incarceration.  Finding no error, we affirm the trial court's judgment and

appellant's conviction.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

In connection with events occurring on March 6, 2006, appellant was charged with possession of heroin, in violation of Code § 18.2-250, and possession of marijuana, in violation of Code § 18.2-250.1. On August 16, 2006, appellant entered into a plea agreement with the Commonwealth. Pursuant to the plea agreement, appellant agreed to plead guilty to the heroin charge in exchange for admission into the drug court program, and with the Commonwealth's disposal of the marijuana charge by *nolle prosequi*.

The plea agreement terms further specified that upon appellant's entry into the drug court program, the trial court would defer a finding of guilt and suspend the imposition of a sentence. If appellant successfully completed the drug court program, the charge would be dismissed. If appellant failed to successfully complete the drug court program, he would be found guilty and would be sentenced. The plea agreement also set forth the Commonwealth's recommended sentence of two years incarceration with eighteen months suspended, probation, five years of good behavior, and payment of court costs.

At appellant's arraignment, the trial court conducted a colloquy. Following the colloquy, the trial court found appellant understood the nature of the charge, voluntarily made his plea and understood its consequences, and waived his right to a jury trial. Accordingly, the trial court accepted the guilty plea and entered an order referring appellant to drug court. The Commonwealth *nolle prosequied* the marijuana charge. Subsequently, appellant enrolled in the drug court program.

On August 30, 2007, the drug court terminated appellant from the program because of his "unsuccessful participation," and referred the matter back to the trial court.

On October 23, 2007, the trial court conducted a bond hearing. In the context of claiming appellant deserved a bond, he argued his termination from drug court was "improper" and that he had "no ability to answer to the [drug court] team" for the termination. Appellant further claimed he was terminated solely for making inappropriate postings on My Space, a social networking website, in which he made fun of one of the drug court officers. In response, the Commonwealth contended the drug court terminated appellant because of his history of noncompliance with drug court rules. Specifically, the Commonwealth claimed appellant received sanctions for his violation of drug court rules for all but two months of his participation. In addition, the My Space web page contained several videos and postings discussing drug use and alcohol abuse in a joking fashion. The Commonwealth concluded that the behavior pertaining to the My Space web page, coupled with appellant's history of failing to follow drug court rules, led to his termination.

At the conclusion of the bond hearing, the trial court granted appellant a bond. In doing so, the trial court also stated as follows:

> I've looked at the presentence report, the pretrial services report. I also have looked at the letter from the therapist and taken into consideration the problems that [appellant] has, and this issue with regard to [his] actions, whether he was using this My Space or not, or ---- and also his action with regard to compliance with [drug court] and the matter of respect for the program, and he needs to be conscious of that. He needs to be more mature. If you're going to act like that, you're going to have some problems.

On November 19, 2007, the trial court conducted a sentencing hearing. At the hearing, appellant contended the trial court should reject the sentencing contained in the plea agreement and grant him first offender status under Code § 18.2-251. To support that contention, he claimed he had witnesses and other evidence to present that would show he was terminated from the drug court program because of the My Space postings. Characterizing the conduct as "a stupid mistake," he asserted the postings should not discount his otherwise good progress as a

- 3 -

drug court participant. In addition, he claimed that in terminating him, the drug court failed to give him an opportunity to address the allegations and grounds for his termination, in violation of his due process rights. For these reasons, he concluded, the trial court should not make a finding of guilt or sentence him for a felony in accord with the plea agreement. Instead, he asked the trial court to "give him a chance to keep his record clean" by granting him first offender status.

In response, the Commonwealth contended appellant could not reargue the issue of his sentencing. The Commonwealth asserted that appellant voluntarily entered into the plea agreement and understood its terms. As reflected in the drug court's termination order, appellant failed to successfully complete the program. For the trial court "to look behind the decision of the [drug court]" would be "completely inappropriate." Thus, any evidence appellant intended to present was irrelevant and inadmissible. Moreover, if he believed the termination was in error, he should have filed a motion in the drug court, but he did not. The Commonwealth concluded, therefore, that the trial court should impose the previously deferred finding of guilt on the charge and sentence appellant accordingly.

At the conclusion of the sentencing hearing, the trial court made a finding of guilt and rejected appellant's contention that he should be granted first offender status. In doing so, the trial court stated that appellant received due process through the course of the criminal proceeding. The trial court further addressed appellant as follows:

> We are not going to look behind the proceedings before the [drug court]. We have the order that shows your unsuccessful participation and your discharge from that program, and you knew the consequences when you entered into the plea agreement . . . .

The trial court sentenced appellant in accord with the plea agreement. This appeal followed.

- 4 -

## II. ANALYSIS

On appeal, appellant contends the trial court erred in failing to reverse his termination from drug court because he claims the termination violated his due process rights under the Fourteenth Amendment. The Commonwealth contends that appellant's argument, having been raised for the first time on appeal, is procedurally barred by Rule 5A:18. We agree with the Commonwealth.

Rule 5A:18 provides, in pertinent part:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . . A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

Pursuant to Rule 5A:18, we "will not consider an argument on appeal [that] was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "Rule 5A:18 applies to bar even constitutional claims." Id.

> Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue. Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc) (citations omitted). Thus, "though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court." West Alexandria Prop., Inc. v. First Va. Mortgage & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980). In short, we will not consider an argument on appeal that is different from the specific argument presented to the trial court, even if it relates to the same issue. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (holding that appellant's failure to raise the same specific arguments "before the trial court

precludes him from raising them for the first time on appeal"). The main purpose of this rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals and reversals. Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Assuming, without deciding, that the trial court had the authority to reverse the drug court's decision to terminate appellant, we conclude that appellant's contention is procedurally barred by Rule 5A:18.

Here, the record reflects appellant made the claim that his termination from drug court violated his due process rights in the context of requesting specific types of relief from the trial court that do not encompass the type of resolution appellant seeks on appeal. At the bond hearing, he contended he deserved a bond because he was denied due process when he was terminated from drug court. Later, at the sentencing hearing, he argued he deserved a different sentence from that contained in the plea agreement because his termination violated his due process rights.

At no time during the bond hearing or the sentencing hearing did appellant seek the reversal of the drug court's decision to terminate him because the termination violated his due process rights. Because he did not, the trial court did not have the opportunity to address the specific resolution appellant now seeks on appeal. Thus, we hold that appellant is procedurally barred by Rule 5A:18 from raising the issue for the first time on appeal.

Moreover, the record does not reveal any reason to apply the "ends of justice" or "good cause" exceptions to Rule 5A:18. See Edwards, 41 Va. App. at 761, 589 S.E.2d at 448 ("We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18.");
M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002)

- 6 -

(en banc) (holding that the "good cause" exception to Rule 5A:18 will not be invoked where appellant had the opportunity to raise the issue at trial but did not do so).

Appellant further contends the trial court erred in refusing to consider evidence of the reasons for his termination from drug court and in refusing to consider alternatives to incarceration. We disagree with appellant's contentions.

Here, the plea agreement set forth that appellant would plead guilty to the heroin charge in exchange for admission into the drug court program. If appellant successfully completed the drug court program, the heroin charge would be dismissed. If appellant failed to successfully complete the drug court program, he would be found guilty and sentenced. Finding appellant understood the nature of the charge, voluntarily made his plea and understood its consequences, and waived his right to a jury trial, the trial court accepted the guilty plea. In accord with the plea agreement, the Commonwealth *nolle prosequied* the marijuana charge. Plea agreements are contractual in nature and subject to principles of contract law. Commonwealth v. Sluss, 14 Va. App. 601, 604, 419 S.E.2d 263, 265 (1992). A plea agreement usually entails a defendant's pleading guilty in "exchange[] for sentencing concessions," a process in which "each side may obtain advantages." Mabry v. Johnson, 467 U.S. 504, 508 (1984). In this context, the plea agreement is "no less voluntary than any other bargained-for exchange." Id.

By the terms of the plea agreement, appellant understood that his charge would be dismissed if he successfully completed drug court. Appellant did not fulfill his obligation pursuant to these terms. Despite this failure, he remained bound to the other terms of the plea agreement for the consequences of his discharge from drug court. Thus, in accord with the plea agreement, the drug court referred his case back to the trial court for a finding of guilt on the charge and sentencing. Having previously accepted appellant's guilty plea and having deferred the finding of guilt and the imposition of the sentence, the trial court had before it no other

- 7 -

matters to adjudicate. Accordingly, the trial court found appellant guilty and sentenced him pursuant to the plea agreement. Under these circumstances, we cannot say the trial court erred in refusing to consider evidence of the reasons for appellant's termination from drug court or in refusing to consider alternatives to incarceration.

## III. CONCLUSION

For these reasons, we affirm the trial court's judgment and appellant's conviction.

Affirmed.