COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Alston, Chafin and Senior Judge Haley

MARC LOUIS

v.      Record No. 0127-17-2

SPOTSYLVANIA COUNTY
  DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 10, 2017

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

(Erin K. Dooley, on brief), for appellant.

(Robert F. Beard; Elizabeth Carpenter-Hughes, Guardian *ad litem* for
the minor child; Vanderpool, Frostick & Nishanian, P.C.; Williams
Stone Carpenter Buczek, PC, on brief), for appellee.

Marc Louis (father) appeals the orders terminating his parental rights to his child and

approving the goal of adoption for the child.  Father argues that the trial court erred by (1) denying

his "request to continue based upon pending criminal matters between the parties," (2) "proceeding

with the trial when the Guardian ad litem for the child was appointed after the trial;" and

(3) "granting/upholding the Department of Social Services' Petition for Termination of Appellant's

Parental Rights."  Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See

Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Father and Merley Dorestal (mother) are the biological parents to D.L., who was born in May 2013. On July 21, 2015, the Prince William County Circuit Court terminated father's parental rights to D.L. pursuant to Code § 16.1-283(C)(2).[1]

Father and mother also are the biological parents to P.L., who was born in June 2014 and is the subject of this appeal. In the early morning hours of August 5, 2015, the police responded to father and mother's home for a domestic violence incident. Both father and mother were intoxicated, and the home smelled of marijuana. The police placed father and mother under arrest. The police contacted the Department of Social Services (the Department), and a social worker arrived at the house at 1:30 a.m. The social worker spoke with mother and father. Father told the social worker that mother, her adult daughter, and her daughter's boyfriend were smoking marijuana in the presence of the child, which prompted the altercation. The social worker noticed that there were beer bottles scattered throughout the home. There was no carpeting on the second floor, but there were tack strips along the side of the wall. Mother and father told the social worker that mother's adult daughter was a possible placement for P.L., but she had been charged with possession of marijuana and was not a suitable placement. Consequently, the Department removed P.L. and placed her in foster care.

In an effort to arrange visitation with the child, the Department told mother that she needed to have a clean drug screen before she could visit with the child. Mother told the social

---

[1] On March 23, 2015, the Prince William County Circuit Court terminated mother's parental rights to D.L. pursuant to Code § 16.1-283(E)(i).

- 2 -

worker that she smoked marijuana an average of two times per week and that it would take at least a month for the drugs to leave her system. The Department scheduled a drug screen and visitation, but mother cancelled because she said that she could not find her keys. Visitations stopped once the Spotsylvania County Juvenile and Domestic Relations District Court (the JDR court) found that reasonable efforts were not required.

The Department searched for relatives as potential placements for the child. They mailed out 198 letters to possible relatives. Initially, the Department did not receive any responses, but subsequently, they heard from a maternal aunt who lived in Florida. The maternal aunt filed a petition for custody, and the Department started the process of background checks and a home study through the Interstate Compact on the Placement of Children (ICPC). The maternal aunt's home was not approved for placement. The Department also examined the possibility of placement with the child's adult brother and his girlfriend, but determined that the placement would not be suitable due to "unstable housing and finances."

On October 2, 2015, the JDR court entered an adjudicatory order finding that the child was abused or neglected, or at risk of abuse and neglect due to prior adjudication of abuse and neglect for another child.

On October 15, 2015, the Department filed a petition to terminate mother and father's parental rights to P.L. On November 6, 2015, the JDR court entered an order terminating mother and father's parental rights to P.L. pursuant to Code § 16.1-283(E)(i). The JDR court also approved the goal of adoption for P.L.

Father and mother appealed the adjudicatory, termination, and permanency planning orders. On April 5, 2016, the parties appeared before the trial court. At the beginning of the hearing, father made a motion to continue the case until the court could hear a criminal matter concerning mother and father. The trial court denied the motion, and the parties presented their

- 3 -

evidence and arguments.  At the conclusion of the hearing, the trial court terminated father and

mother's parental rights pursuant to Code § 16.1-283(E)(i) and approved the goal of adoption.

This appeal followed.[2]

ANALYSIS

*Assignments of error #1 and 2*

In his first assignment of error, father argues that the trial court erred by not granting his

motion for a continuance.  For the first time on appeal, father argues that the trial court violated

his Fifth Amendment right against self-incrimination.  He contends the denial of his motion "was

analogous to a dismissal of his case by limiting his ability to defend his interests and acted as an

enhanced punishment to his incarceration."

In his second assignment of error, he argues that the trial court erred by proceeding with

the trial even though the guardian *ad litem* was not appointed until after the trial.  At the

beginning of the trial, the Department notified the court that there was not an order reappointing

the guardian *ad litem* in the circuit court.  The trial court entered an order on that day

reappointing the guardian *ad litem*, and she participated in the proceeding.  Father did not note

any objections to the order.

Father admits that he did not preserve the first and second assignments of error.  Rule

5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless an

objection was stated with reasonable certainty at the time of the ruling, except for good cause

shown or to enable the Court of Appeals to attain the ends of justice."

Father asks this Court to consider his arguments pursuant to the good cause exception.

Father had the opportunity to object to the trial court's rulings, but failed to do so.  Therefore, the

---

[2] Mother also appealed the trial court's orders terminating her parental rights and
approving the goal of adoption.  See Dorestal v. Spotsylvania Cty. Dep't of Soc. Servs., Record
No. 0128-17-2.

good cause exception does not apply to any of his arguments in the first and second assignments of error. See M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (*en banc*) (holding that Rule 5A:18 applied because the party failed, "without good cause," to object to the evidence).

Father also asks this Court to consider his arguments in the first and second assignments of error pursuant to the ends of justice exception. "The ends of justice exception is narrow and is to be used sparingly . . . ." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. (emphasis in original) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

> As our Supreme Court has stated, application of the ends of justice exception "requires a determination not only that there was error . . . but also that application of the exception is necessary to avoid a grave injustice." Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 434 (2005). This occurs only in "rare instances." Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981).

Lacey v. Commonwealth, 54 Va. App. 32, 46, 675 S.E.2d 846, 853 (2009).

In this case, father did not show that a miscarriage of justice occurred because the trial court denied his motion for a continuance, nor did he show that a miscarriage of justice occurred because the order reappointing the guardian *ad litem* was entered on the day of the trial. Father does not explain *how* he was "prevented from preserving his Constitutional Right when the Court failed to grant his Continuance" because the record shows that he participated in the trial, cross-examined witnesses, and testified. In addition, father offers no argument about the entry of the order reappointing the guardian *ad litem*, other than to say that the trial court made a "significant procedural error." He cites an unpublished case and states that "[f]ailure to notice

- 5 -

the Guardian ad litem, a necessary party to the proceeding is grounds for dismissal." The case, Powell v. Arlington Cty. Dep't of Soc. Servs., No. 0286-07-4, 2008 Va. App. LEXIS 207 (Va. Ct. App. Apr. 29, 2008), was referring to Rule 5A:6, which is a rule applying to appeals to this Court and not a circuit court, and does not apply to this case.[3] The guardian *ad litem* in this case attended the hearing and participated by cross-examining witnesses and presenting her argument. Therefore, the ends of justice exception does not apply to the first or second assignment of error.

Since the good cause and ends of justice exceptions do not apply, this Court will not consider appellant's arguments.

*Assignment of error #3*

Father's third assignment of error states, "The trial court erred by granting/upholding the Department of Social Services' Petition for Termination of Appellant's Parental Rights." The trial court terminated father's parental rights pursuant to Code § 16.1-283(E)(i), which states that a parent's parental rights "may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that . . . the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated." Father does not contest that his parental rights to D.L. were previously terminated. In fact, they were terminated less than one month prior to P.L.'s removal.

After hearing the evidence, the trial court found that P.L.'s home was "unsuitable," "disheveled," and "nearly uninhabitable, especially for a small child." The trial court also held that "marijuana had been used in this home more than on this single occasion" of August 5,

---

[3] Rule 5A:6 has since been amended, and subsection (f) states that "No appeal shall be dismissed because the notice of appeal fails to identify a guardian ad litem or to provide notice to a guardian ad litem."

2015. Considering the circumstances of the case, the trial court did not err in terminating father's parental rights to P.L. pursuant to Code § 16.1-283(E)(i).

In addition, father raises another issue in his argument section. He contends

> the Fredericksburg Circuit Court's termination of Marc Louis' residual parental rights and approval of permanency planning orders stating goals of adoption should be dismissed because the termination of parental rights actions were not first properly brought, due to the lack of . . . evidence that the termination of Marc Louis' residual parental rights was in the child's best interests, in the Spotsylvania Juvenile and Domestic Relations District Court.

Since this argument was not expressed as an assignment of error, this Court will not address the argument on appeal. See Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the [assignments of error] . . . we, therefore, decline to consider [it] on appeal").

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.