JAMES B. McCAW, III

v.

NANCY C. McCAW

No. 1322-90-1

Decided April 9, 1991

COUNSEL

Beril M. Abraham (Valerie H. Bowen; Goldblatt, Lipken & Cohen; Pender & Coward, on brief), for appellant.

Jerrold G. Weinberg (Dee M. Sterling; Weinberg & Stein, on brief), for appellee.

OPINION

MOON, J.—James B. McCaw, III, seeks reversal of the trial court's order holding him in contempt for his failure to abide by the terms of a stipulation agreement that provided that he would "not alter, modify, or abrogate" an agreement made between him and his mother regarding certain Virginia Beach property. We hold that the agreement made for the benefit of McCaw's daughter may be enforced in an action by his wife by use of the contempt power of the court.

On March 21, 1970, Alice McCaw, the mother of James McCaw, conveyed to him by deed of gift certain real property in Virginia Beach, Virginia. Simultaneously with the recording of the deed of gift, an instrument was recorded by which they agreed that if the property was ever sold or disposed of "the entire net proceeds will be immediately placed in a custodial account for the benefit of the child or children of" James. On July 19, 1970, Martha Lindsay McCaw (Lindsay) was born and is the sole child of James B. McCaw.

On December 22, 1972, as part of a divorce settlement between James and Nancy McCaw, the parties entered into a stipulation agreement which provided that James McCaw would "not alter, modify, or abrogate" the agreement made between himself and Alice McCaw regarding the Virginia Beach property. The stipulation agreement between the parties, James and Nancy, was approved by the trial judge and incorporated by reference into the final divorce decree of March 21, 1975.

On September 6, 1975, James and his mother Alice modified their original agreement to allow James to place a $12,000 deed of trust on the Virginia Beach property. On November 15, 1977, James and his mother recorded an instrument purporting to revoke the original March 21, 1970 agreement declaring it null and void. On June 20, 1987, James and his new wife Carolyn conveyed an easement in the Virginia Beach property for the sum of $15,000. On November 1, 1988, James and Carolyn changed the title of the property to be held as tenants by the entireties. On

November 10, 1988, James and Carolyn borrowed $155,000 on the property. Some time after this occurrence, James presented his daughter Lindsay with a document releasing him from the restraints placed upon him by the original agreement with his mother. In return, James agreed to provide Lindsay with a college education. Lindsay was told she could sign the agreement or "get the hell out." Lindsay promptly moved out of her father's home and into her mother's home. Lindsay's mother, Nancy, then brought an action to reopen the divorce proceeding and to hold James in contempt for violating the decree of divorce.

The appellant purged himself of contempt by removing the encumbrances on the land and placing the proceeds from the easement in trust.

■ The appellant argues that because Nancy McCaw is seeking to enforce a contract between himself and his mother, Alice McCaw, Code § 55-22 requires that Nancy McCaw be a third party beneficiary. The appellant contends that because Nancy was not a party to the agreement between him and his mother and receives no benefit, Nancy cannot maintain this action. This argument is without merit. It is immaterial whether the original contract was for her benefit. Nancy seeks to enforce a provision of the court's decree that provides a benefit for her daughter — the stipulation agreement that he would "not alter, modify, or abrogate" the original agreement between McCaw and his mother. Her suit is not dependent upon Code § 55-22 but Code § 20-109.1, which permits the court to enforce an incorporated agreement "in the same manner as any provision in the decree."

■ In similar cases the Supreme Court and this Court have permitted a former spouse to enforce provisions of divorce decrees that benefit their children. *See Tiffany v. Tiffany*, 1 Va. App. 11, 332 S.E.2d 796 (1985) (where a property settlement which required a former husband to pay for his son's college education was held enforceable by ex-wife through the court's contempt power). *See also Gazale v. Gazale*, 219 Va. 775, 250 S.E.2d 365 (1979) (where the Court affirmed an award requiring a father to support his child until the age of 21 when the statutory age of majority was changed to 18); *Fry v. Schwarting*, 4 Va. App. 173, 355 S.E.2d 342 (1987) (where this Court affirmed the trial court's enforcement of an agreement incorporated into a final order providing for child support beyond age eighteen).

We hold that the trial court may enforce by its contempt powers the terms incorporated into the divorce decree for the benefit of the parties' child.

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Baker, J., and Willis, J., concurred.