## Alexandria

### OSCAR S. MAYERS, JR.

v.

### SHEILA T. MAYERS

No. 2272-91-4

Decided January 12, 1993

COUNSEL

Robert M. Alexander, for appellant.

Alan K. Arden, for appellee.

OPINION

**KOONTZ, C.J.**—In this appeal, Oscar S. Mayers, Jr. (husband) contends that the trial court erred (1) in ordering a sale of the marital residence and (2) in calculating the amount of child support that Sheila T. Mayers (wife) must pay to husband for the support of the parties' three minor children.

On January 8, 1987, wife filed a bill of complaint for divorce. By order dated August 25, 1989, the court ordered wife to pay to husband $465 per month in child support. On June 4, 1991, the parties went before the trial court for a *pendente lite* hearing on various contested matters. On that date, the parties entered into a handwritten settlement agreement (agreement), whereby they agreed to the following: (1) joint legal custody of the three minor children with the primary residence with husband; (2) sale of the marital residence within ninety days of the agreement with the net proceeds of the sale shared equally; (3) a mutual waiver of spousal support; and (4) child support of $465 per month to be paid by wife to husband. The parties agreed to submit a more formal agreement to the court and to incorporate the agreement in a court order at a later date.

Upon wife's motion, the court entered an order incorporating the agreement on September 27, 1991. Wife subsequently moved the court for the appointment of a commissioner to sell the marital residence. Following a hearing on the matter, the court found "that it has been more than 90 days since the date of [the] Agreement and the property is neither sold nor listed for sale . . . and that [husband] has not cooperated with the efforts of [wife] to list [the] property for sale." On November 1, 1991, the court granted wife's motion and entered an order appointing a commissioner to sell the marital residence.

Wife moved the court for entry of a final decree of divorce and husband moved the court for an increase in child support and an equitable distribution of unidentified personal property. On November 22, 1991, the court entered a final decree of divorce *a vinculo matrimonii*, which again incorporated the agreement. The court also increased child support to $744 per month and retained jurisdiction to determine an "equitable distribution of property."

We first address husband's contention that the trial court erred in ordering the sale of the marital residence. Husband alleges that the trial court lacked jurisdiction to order the sale of the marital residence on November 1, 1991 because the parties were not divorced. Alternatively, he contends that if the court had jurisdiction to order the sale of the property, the agreement was void because the ninety-day period designated by the parties for performance had expired.

 Code § 20-109.1 is pertinent to the issues raised in this appeal. This Code section authorizes the trial court to "incorporate by reference in its decree dissolving a marriage or decree of divorce . . . or by a separate decree prior to or subsequent to such decree, any valid agreement between the parties." Upon incorporation, the agreement "shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree." Code § 20-109.1. Thus, Code § 20-109.1 "permits the court to enforce an incorporated agreement 'in the same manner as any provision in the decree.' " *McCaw v. McCaw*, 12 Va. App. 264, 266, 403 S.E.2d 8, 9 (1991). Whether a property settlement agreement should be incorporated by reference into a decree is a matter left to the discretion of the trial court. *Forrest v. Forrest*, 3 Va. App. 236, 239, 349 S.E.2d 157, 159 (1986).

On September 27, 1991, two weeks after the expiration of the ninety-day period designated in the agreement for selling the marital residence, the court incorporated the agreement into its decree. Pursuant to the incorporation, the court appointed a commissioner to sell the marital residence on November 1, 1991. The final decree of divorce, entered November 22, 1991, also incorporated the parties' agreement.

■ The trial court's incorporation of the agreement on September 27, 1991 gave the court the power to enforce the custody and support provisions of the agreement. *See McCaw*, 12 Va. App. at 266, 403 S.E.2d at 9; *see also* Code § 20-109.1. Husband contends that the court lacked jurisdiction on that date to proceed with the sale of the marital residence because the parties were not divorced. We note, however, that the court did not order the sale of this property on that date. With regard to the November 1, 1991 order, on brief, husband alternately refers to that order as a "partition" of the parties' property or an "equitable distribution" of their marital property and, again, contends that because the parties were not divorced on that date the court lacked jurisdiction to proceed with the sale of the marital residence. While we disagree with husband's characterizations of the November 1, 1991 order, we agree that on that date the court lacked jurisdiction to order the sale of this property. These proceedings did not involve a partition suit pursuant to Code § 8.01-81. It is clear that wife could not compel partition of real property held as tenants by the entirety with husband prior to the divorce. It is equally clear "that no decree of equitable distribution can be made *before* the parties are divorced." *Parra v. Parra*, 1 Va. App. 118, 124, 336 S.E.2d 157, 160 (1985) (interpreting Code § 20-107.3(A)). Thus, "[t]he court's equitable distribution jurisdiction begins 'upon' the granting of the divorce." *Id.* at 125, 336 S.E.2d at 161. The November 1, 1991 order was entered pursuant to Code § 20-109.1 which authorized the court to enforce the parties' agreement. The property was not sold at this time and, in fact, remained unsold at the time of the final divorce decree. Moreover, the issue became moot upon the incorporation of the agreement into the court's final decree of divorce on November 22, 1991. At that time, the parties were divorced and the court could properly proceed to enforce the agreement pursuant to Code § 20-109.1.

■ Moreover, we find no merit to husband's contention that the agreement became void at the expiration of the ninety-day period

agreed upon by the parties for performance. Because property settlement agreements are contracts, "we must apply the same rules of interpretation applicable to contracts generally." *Tiffany v. Tiffany*, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985). Under principles of contract law, time is not of the essence in the performance of a real estate sale contract unless expressly made so by the terms of the contract, or unless in fairness it should be implied from the conduct of the parties or from the nature and circumstances of the agreement. *Wood v. Wood*, 216 Va. 922, 924, 224 S.E.2d 159, 161 (1976). Here, the agreement did not expressly provide that time was of the essence in the performance of the agreement, and we do not believe that the conduct of the parties or the nature and circumstances of the agreement compel us to imply such a provision. We find nothing in the agreement or the conduct of the parties evincing an intent that the agreement would become void at the expiration of the ninety-day period. In fact, the parties agreed to provide a more formal agreement concerning the sale of the marital residence at a later date. Because time was not of the essence, the agreement did not become void when the sale of the marital residence was not consummated within ninety days.

Husband also challenges the trial court's calculation of child support. Husband alleges that the trial court deviated from the presumptive statutory amount set forth in the guidelines by allowing wife certain deductions from her gross income for "quarters for the children when she has them, as well as certain necessaries that she buys them." Furthermore, he contends that the court failed to justify the deviation with written findings stating why the application of the guidelines would be unjust or inappropriate. Although counsel for wife conceded at oral argument that the court made no written findings to explain its deviation from the guidelines, he nonetheless contends that the calculation of child support was correct.

The procedure to be followed in calculating child support was articulated in *Richardson v. Richardson*, 12 Va. App. 18, 401 S.E.2d 894 (1991).

The starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed by the schedule found in Code § 20-108.2(B). This amount is determined according to a schedule that varies according to the combined gross income of the parties and the number of children involved. No additions or subtractions from the gross income, as

defined in Code § 20-108.2(C), . . . may be made *before* this figure is determined. However, *after* determining the presumptive amount of support according to the schedule, the trial court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1. Deviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or inappropriate.

*Id.* at 21, 401 S.E.2d at 896. We have repeatedly held that whenever a child support award varies from the amount of support set forth in the guidelines, the trial court must make written findings of fact explaining why application of the guidelines would be "unjust or inappropriate." *Watkinson v. Henley,* 13 Va. App. 151, 159, 409 S.E.2d 470, 474 (1991); *Scott v. Scott,* 12 Va. App. 1245, 1249-50, 408 S.E.2d 579, 582 (1991); *Richardson,* 12 Va. App. at 21-22, 401 S.E.2d at 896. In the final decree of divorce, the trial court failed to make any written findings to justify its deviation from the amount set forth in the guidelines. Consequently, we are unable to review the trial court's determination and its alleged deduction for expenses wife incurred during her visits with the children. Moreover, because the trial court failed to comply with the requirements of Code § 20-108.2 its child support award cannot stand on appeal.

In sum, we hold that the trial court did not err in ordering the sale of the marital residence following the incorporation of the property settlement agreement into the final decree of divorce. Additionally, we hold that the trial court's award of child support did not comply with the requirements of Code § 20-108.2; therefore, we reverse and remand the matter of child support and direct the trial court to make a determination in accordance with the requirements of Code § 20-108.2.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Barrow, J., and Willis, J., concurred.