COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


HEIDI S. SHOUP
                                           OPINION BY
v.   Record No. 0631-99-4        JUDGE JAMES W. BENTON, JR.
                                        FEBRUARY 29, 2000
FRANCIS E. SHOUP


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      David T. Stitt, Judge

          John E. Byrnes (Condo & Masterman, P.C., on
          brief), for appellant.

          David M. Levy (Surovell, Jackson, Colten &
          Dugan, P.C., on brief), for appellee.


     This appeal arises from the trial judge's order construing

the parties' modification agreement and property settlement

agreement, both of which were incorporated into prior decrees of

the circuit court.  Heidi S. Shoup contends the trial judge erred

(1) by finding that the modification agreement was ambiguous, (2)

by considering parol evidence of the person who prepared the

modification agreement, (3) in determining the effect of the

modification agreement, and (4) in granting affirmative relief to

Francis E. Shoup, her former husband, when he had sought only

contempt sanctions.

                              I.

     The parties were divorced in 1994 by a final decree of

divorce, which "affirmed, ratified, and incorporated" the parties'

property settlement agreement. Section 12 of the agreement contains the parties' commitment to sell the marital residence and includes a "method of calculation" for determining each party's respective share of the proceeds from the sale of the residence. Referring to the issue of taxable gain and stating the parties' "intent as to how the proceeds of the house shall be divided," Section 12 of the agreement provides an example to demonstrate the parties' intent. The example uses an assumed sales price of $475,000 and states that the "assumptions themselves shall not be construed as binding, but the method of calculation set forth in the example shall be binding upon both parties."

Two and one-half years after their divorce, the parties entered into an agreement to modify Section 12 of the property settlement agreement. That modification agreement was "affirmed, ratified, and incorporated" into a decree of the court. The husband later filed a petition for a rule to show cause, in which he alleged the wife was in contempt for failing to comply with the provisions of the modification agreement. The husband sought an order compelling her to comply and requested a monetary judgment and other relief. In her opposition to the petition, the wife asserted that parol evidence was not admissible and that the trial judge could not re-write the modification agreement.

Following a hearing on the petition, a trial judge ruled that the modification agreement was ambiguous. At a later hearing, the husband offered parol evidence concerning the parties' intentions

-

in drafting the modification. Based upon the _ore tenus_ evidence, the trial judge ruled that the wife was not in contempt, that the modification agreement was ambiguous regarding the sales price of the residence, that the modification agreement changed from non-binding to binding the sales price assumption of $475,000 used in the example contained in Section 12 of the agreement, and that pursuant to the modification agreement the wife owed the husband $46,154 plus interest at six percent from January 7, 1997. This appeal followed.

## II.

"Property settlement agreements are contracts; therefore, we must apply the same rules of interpretation applicable to contracts generally." _Tiffany v. Tiffany_, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985). In our review of the trial judge's decision, we are guided by the following principles:

> If the terms of the parties' agreement are contained in a clear explicit writing, that writing is the sole memorial of the contract and the sole evidence of the agreement. In that event, . . . parol evidence . . . could not be used to explain the written contractual terms.
>
> Conversely, the rule excluding parol evidence has no application where the writing on its face is ambiguous, vague, or indefinite. In such a case, the proper construction of the contract is an issue for the trier of fact and the court should receive extrinsic evidence to ascertain the intention of the parties and to establish the real contract between them.

-

Cascades North Venture v. PRC Inc., 249 Va. 574, 579, 457 S.E.2d 370, 373 (1995) (citation omitted).  "The question whether a writing is ambiguous is one of law, not of fact."  Tuomala v. Regent University, 252 Va. 368, 374, 477 S.E.2d 501, 505 (1996).

The wife argues that the trial judge erred in ruling that the modification agreement was ambiguous regarding the sales price.  She contends that the parties never agreed to a sales price, that a price was not necessary, and that fixing the price was her sole decision.

"An ambiguity exists when language is of doubtful import, admits of being understood in more than one way, admits of two or more meanings, or refers to two or more things at the same time."  Allen v. Green, 229 Va. 588, 592, 331 S.E.2d 472, 475 (1985).  "It is elementary that where the terms of a contract are thus susceptible of more than one interpretation, or an ambiguity exists, or the extent and object of the contract cannot be ascertained from the language employed, 'parol evidence may be introduced to show what was in the minds of the parties at the time of the making of the contract and to determine the object on which it was designed to operate.'"  Young v. Schriner, 190 Va. 374, 379, 57 S.E.2d 33, 35 (1950).

In Section 12 of the property settlement agreement, the parties agreed to sell the marital residence and committed to agree upon a sales price or submit that issue to binding arbitration.  They also used a non-binding assumption of

-

$475,000 for a sales price as an example to demonstrate a method of calculating the distribution of the proceeds from the sale.

The parties "negotiated [the modification agreement] . . . freely and voluntarily" with the assistance of an attorney they selected.  In the modification agreement, the parties specified several concerns flowing from the fact that the "residence has not sold" and "recognize[d] that the provisions of Section 12 need to be amended to reflect their agreement to delay the sale of the marital residence."  In so doing, the parties then provided that the husband would be paid "the proceeds distributable to the Husband pursuant to Section 12" upon the earlier occurrence of three events, one of which was "three years from [January 7, 1997,] the date of this [modification] Agreement."  The modification agreement also fixed as a basis for determining sales expenses and capital gains the precise figures used in the example in Section 12 of the property settlement agreement.

The modification agreement, therefore, contemplated a payment of proceeds to the husband if the residence had not sold three years from the date of the modification agreement.  In addition, it contained a method of fixing some of the proceeds payable to the husband based upon the expenses that would be incurred if the sales price was $475,000.  In view of those circumstances, the trial judge did not err in ruling that when

-

viewed together with Section 12, the modification agreement created an ambiguity regarding the sales price of the residence.

III.

"When the language of a contract is ambiguous, parol evidence is admissible, not to contradict or vary contract terms, but to establish the real contract between the parties." Tuomala, 252 Va. at 374, 477 S.E.2d at 505. Thus, we hold that the trial judge did not err in considering evidence regarding the parties' intention as expressed in the modification agreement.

The evidence proved that the parties employed to draft the modification agreement the attorney whom they had jointly retained for tax advice during their marriage. That attorney "functioned as their accountant, and prepared their tax returns from that time until current." The attorney testified that both parties provided him the information and concepts necessary to prepare the modification agreement. He testified that he went "back and forth [with] the parties as to the dollars and cents involved" and that the parties intended that $475,000 be the sales price. Consequently, the figures he used in the modification agreement were based upon a sales price of $475,000. He further testified that the wife specifically asked about "the most [she would] have to pay [the husband] if [they] sold the house is 475." He testified that he informed her that

-

the modification agreement provided the amounts to be paid based upon a sale of $475,000.

In view of this evidence, we hold that the record amply supports the trial judge's ruling that the parties intended that the sales price would be $475,000.

IV.

Citing Wilson v. Collins, 27 Va. App. 411, 424, 499 S.E.2d 560, 566 (1998), and Winn v. Winn, 218 Va. 8, 10, 235 S.E.2d 307, 309 (1977), the wife argues that when the trial judge ruled she was not in contempt, the trial judge lacked the authority to grant any relief to the husband. The cases cited by the wife do not support her asserted proposition. Neither Winn nor Wilson holds that the trial judge lacks authority to enforce an agreement in the absence of a finding of contempt.

Furthermore, both the property settlement agreement and the modification agreement were incorporated into decrees of the court. See Code § 20-109.1 (authorizing the trial judge to "incorporate by reference in its decree dissolving a marriage or decree of divorce . . . or by a separate decree prior to or subsequent to such decree, any valid agreement between the parties"). Upon incorporation, the property settlement and modification agreements "shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree." Id.; see also Mayers v. Mayers, 15 Va. App. 587, 592, 425 S.E.2d 808, 811 (1993) (holding "that the

-

trial [judge] did not err in ordering the sale of the marital residence following the incorporation of the property settlement agreement into the final decree of divorce"); McCaw v. McCaw, 12 Va. App. 264, 267, 403 S.E.2d 8, 9 (1991) (holding "that the trial [judge] may enforce by . . . contempt powers the terms incorporated into the divorce decree for the benefit of the parties' child").  Thus, we hold that the trial judge had the authority to enforce the personal obligations of the parties created by the agreements, which were incorporated into the court's decrees.

Accordingly, we affirm the decree.

Affirmed.