COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Kelsey and McClanahan
Argued at Salem, Virginia


DALE JAMES WRAY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1829-09-3              JUDGE ELIZABETH A. McCLANAHAN
                                                         OCTOBER 26, 2010

COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                          William N. Alexander, II, Judge

            Carolyn H. Furrow for appellant.

            Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Dale Wray appeals the circuit court's revocation of his 2002 suspended sentence and the

imposition of an additional period of incarceration upon resentencing.  In the 2002 sentencing

order, Wray was sentenced to eighteen years in prison, with ten years suspended, for robbery and

firearm-related convictions.  The circuit court revoked Wray's 2002 suspended sentence after

finding that he had violated the implied condition of good behavior in the 2002 sentencing order,

which condition, the court held, became effective immediately upon sentencing.  The court found

that Wray committed this violation shortly before he was scheduled for release from prison—at

the end of the active term of his 2002 sentence—by threatening to murder everyone in the

Franklin County probation and parole office.[1]

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] More specifically, as set forth in the circuit court's letter opinion, the court found Wray
told a prison counselor that "if he were forced to go back to Franklin County [under his 'release
plan'], the 'moment I get in that county I will get a gun and I will walk in that office and I will
shoot each person in that office in the head.'"

In his opening brief, Wray sets forth three questions presented: (1) "[w]hether the Trial Court had jurisdiction to revoke Mr. Wray's good behavior as he was in the custody of the Department of Corrections and at a correctional facility at the time of the alleged bad behavior"; (2) "[w]hether the Trial Court can revoke Mr. Wray's suspended sentence for alleged behavior that took place while he was still incarcerated, when his sentencing order clearly and unequivocally states that his good behavior is a period of ten years from the date of release from confinement"; and (3) "[w]hether the evidence was sufficient for a finding of guilt and that Mr. Wray's prison record was not given sufficient weight at trial."[2]

(i)

As to the first and third questions presented, Wray did not advance arguments on any of those issues before the circuit court, and is thus procedurally barred under Rule 5A:18 from raising them for the first time on appeal.[3]

Pursuant to Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of

---

[2] This case is governed by Rule 5A:20(c) as worded prior to its revision effective July 1, 2010, changing the requirement for setting forth "questions presented" to "assignments of error."

[3] The argument Wray made to the circuit court was one based on his second question presented, as stated above, which is addressed in part (ii) below.

Furthermore, while Wray's first question presented involves a jurisdictional challenge, Wray does not suggest nor does the record indicate that the circuit court lacked subject matter jurisdiction over Wray's revocation proceeding. See Mohamed v. Commonwealth, 56 Va. App. 95, 98-101, 691 S.E.2d 513, 514-16 (2010) (holding that circuit court has subject matter jurisdiction over revocation proceedings, and explaining that, while a "lack of subject matter jurisdiction . . . can be raised at any time in a proceeding or for the first time on appeal, a trial court's alleged lack of authority to exercise its jurisdiction must be raised before the trial court and preserved like any other legal argument" (citation omitted)); see also Porter v. Commonwealth, 276 Va. 203, 227-37, 661 S.E.2d 415, 426-31 (2008) (discussing distinction between subject matter jurisdiction and authority to exercise that jurisdiction).

justice."[4]  See Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004) ("Pursuant to Rule 5A:18, we 'will not consider an argument on appeal which was not presented to the trial court.'" (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998))), aff'd, 269 Va. 3, 607 S.E.2d 119 (2005); Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (explaining that the objection "must be both specific and timely").  "The purpose of [Rule 5A:18] is to afford the trial court the ability to address an issue.  If that opportunity is not presented to the trial court, there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal."  Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526, 636 S.E.2d 416, 420 (2006).

(ii)

As to Wray's second question presented, consisting of a direct challenge to the scope of the 2002 sentencing order as it relates to the condition of good behavior, Wray makes no argument and sets forth no authority in his brief in support of such a challenge.  Rule 5A:20(e) requires that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."  We have held that "[u]nsupported assertions of error 'do not merit appellate consideration.'"  Doering v. Doering, 54 Va. App. 162, 171 n.3, 676 S.E.2d 353, 357 n.3 (2009) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)).  Accordingly, in light of Wray's complete departure from the requirements of Rule 5A:20(e), we do not consider the issue raised by his second question presented.  See Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) ("[W]hen a

---

[4] Wray does not assert any good cause or ends of justice exception to Rule 5A:18, and "we will not invoke one *sua sponte*."  Arrington v. Commonwealth, 53 Va. App. 635, 642 n.7, 674 S.E.2d 554, 557 n.7 (2009); see Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, 'the Court of Appeals may . . . treat a question presented as waived.'" (quoting <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008))).

For these reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>