COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

KELLIE L. MATTHEWS

              MEMORANDUM OPINION[*] BY
v.   Record No. 1915-16-4     JUDGE ROSEMARIE ANNUNZIATA
                JULY 25, 2017

STEVE O. BRINCKHAUS

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Penney S. Azcarate, Judge

Matthew S. Throop (Throop Law, P.C., on brief), for appellant.

Edward V. O'Connor, Jr., for appellee.

Kellie L. Matthews (mother) is appealing an order that incorporated the parties' Amended

Parenting Agreement dated February 20, 2014 (the agreement). Mother argues that the trial court

erred when it incorporated the agreement "without first considering whether the terms of the

Parenting Agreement would be in the interests of the child, as required by Virginia statutory and

case law." For the reasons stated below, we reverse the circuit court's decision and remand this

case to the circuit court for further proceedings consistent with this opinion.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing

below." D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005)

(citations omitted).

Mother and Steve O. Brinckhaus (father) have one minor child. On April 2, 2007, the

circuit court entered a final decree of divorce and a custody and child support order. Pursuant to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the custody and child support order, the parties had joint legal custody and father had primary physical custody of the child.

In January 2014, the parties' minor child was removed from father's care in Maryland. The child has lived with mother since he was placed with her in February 2014.

On February 20, 2014, the parties entered into the agreement. The agreement stated that the parties continued to have joint legal custody, but mother had primary physical custody. Father had supervised visitation for ninety days, and then unsupervised visitation according to the schedule in the agreement. Paragraph 10 of the agreement stated, "The parties agree that this agreement shall be effective immediately upon execution by both parties, and agree that this agreement shall be incorporated but not merged into a court order."

On December 23, 2014, father was convicted in Maryland for assault in the second degree. As a result of the conviction, father is on probation until 2019, and is under a court order to have no contact with the parties' minor child unless initiated by the child or through therapeutic counseling in which the child is involved.

On October 7, 2016, father filed a petition to incorporate the agreement into an order. On October 28, 2016, the parties appeared before the circuit court for a hearing regarding father's petition. Over mother's objections, the circuit court entered an order incorporating the agreement.

On November 9, 2016, mother filed a motion to reconsider. On November 14, 2016, the circuit court entered an order denying the motion to reconsider.

This appeal followed.

ANALYSIS

Mother argues that the circuit court erred by incorporating the agreement into an order without considering the best interests of the child. She asserts that the circuit court was not

bound by the terms of the agreement and that it could exercise its discretion to determine whether to incorporate the agreement into an order. Furthermore, mother contends the circuit court should have considered the factors in Code § 20-124.3 prior to deciding whether to incorporate the agreement into an order.

Code § 20-109.1 states:

> Any court may affirm, ratify and incorporate by reference in its decree dissolving a marriage or decree of divorce whether from the bond of matrimony or from bed and board, or by a separate decree prior to or subsequent to such decree, or in a decree entered in a suit for annulment or separate maintenance, and in a proceeding arising under subsection A 3 or L of § 16.1-241, any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children, or establishing or imposing any other condition or consideration, monetary or nonmonetary.

"The circuit judge must exercise discretion and is not required in all instances to incorporate the agreement by reference into its decree. The circuit judge may incorporate all, none or selected provisions of the agreement." Owney v. Owney, 8 Va. App. 255, 259, 379 S.E.2d 745, 748 (1989). "Absent an abuse of discretion, the trial court's decision must be upheld on appeal." Doering v. Doering, 54 Va. App. 162, 170, 676 S.E.2d 353, 356 (2009) (quoting Forrest v. Forrest, 3 Va. App. 236, 239, 349 S.E.2d 157, 159 (1986)).

"[T]he welfare of the infant is the primary, paramount, and controlling consideration of the court in all controversies between parents over the custody of their minor children. All other matters are subordinate." M.E.D. v. J.P.M., 3 Va. App. 391, 396, 350 S.E.2d 215, 219 (1986) (quoting Mullen v. Mullen, 188 Va. 259, 269, 49 S.E.2d 349, 354 (1948)); see also Oehl v. Oehl, 221 Va. 618, 624, 272 S.E.2d 441, 444 (1980); Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990); Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986).

Code § 20-124.3 lists ten factors for a court to consider "[i]n determining best interests of a child for purposes of determining custody or visitation arrangements."

In this case, the circuit court heard mother's arguments that the agreement was no longer in the best interests of the child because after the parties entered into the agreement, father was convicted of assault in the second degree and placed on probation until 2019. As a condition of his probation, father was not allowed to have any contact with the child. Despite hearing this evidence, the circuit court incorporated the agreement into the October 28, 2016 order. The written statement of facts, which the circuit court approved, states, "The court did not consider the best interests of the child, nor communicate any findings regarding the relevant factors set forth in Va. Code § 20-124.3."

We agree with mother that the circuit court abused its discretion by incorporating the agreement into an order without considering the best interests of the child and the Code § 20-124.3 factors. Father's conviction and probation requirements, which prohibited contact with his child, were brought by the mother to the circuit court's attention for its consideration. These circumstances related to father's ability to parent the child, and their consistency with the best interests of the child should have been considered by the trial court prior to incorporating the agreement into an order.

CONCLUSION

For the reasons discussed above, we reverse and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>